STEVENSON, J.,
dissenting.
I respectfully dissent. I would defer to the agency’s interpretation of the statute, which is not clearly erroneous.
“Because the Commission is charged by the Legislature to investigate complaints of discrimination under the Florida Civil Rights Act, its interpretation of the Act is entitled to due deference from this court.” Crane v. Lifemark Hosp. of Fla., Inc., 149 So.3d 718, 722 (Fla. 3d DCA 2014) (citation omitted), review denied, 171 So.3d 115 (Fla.2015). This court is not to “depart from the contemporaneous construction of a statute by a state agency charged with its enforcement unless the construction is ‘clearly erroneous.’ ” Verizon Fla., Inc. v. Jacobs, 810 So.2d 906, 908 (Fla.2002).
I disagree with the majority’s conclusion that the FCHR’s interpretation of the statute is clearly erroneous. First, the FCHR’s conclusion that a personal representative of a decedent’s estate is not a “legal representative” of the deceased for all purposes is consistent with the specific and limited duties and powers of a personal representative as set forth in the Florida Probate Code. See §§ 733.602, 733.608, Fla. Stat. (2014). Second, the FCHR’s interpretation of the statute is in conformity with federal case law interpreting similar language in Title VIL See, e.g., Wright ex rel. Wright v. United States, 914 F.Supp.2d 837 (S.D.Miss.2012) (Title VII claim cannot be brought by personal representative of employee’s estate where the employee did not initiate the complaint for discrimination prior to death); Pueschel v. Veneman, 185 F.Supp.2d 566, 571 (D.Md.2002) (recognizing “that the survivor of a deceased federal employee has no standing to file an EEO complaint on behalf of that former employee,” but personal representative of deceased employee can be substituted as plaintiff if deceased employee initiated complaint prior to death).
Here, Mr. Cimino did not initiate a complaint prior to his death. The question of whether a “personal representative” is a “legal representative” of the decedent in the context of the FCRA is not as “plain and obvious” as the majority suggests. As such, deferring to the FCHR’s interpretation of the statute, consistent with that of the federal cases, Mrs. Cimino, as personal representative of her deceased husband’s estate, could not initiate the discrimination complaint. Accordingly, I would affirm the FCHR’s dismissal of the Charge.